IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR254** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **HOLLY LYNN SMITH,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 57).[1] The government adopted the PSR but requests that the Court honor the plea agreement. (Filing No. 59.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 21 (statement of officer), 30 (base offense level), and 42 (prior conviction).[2]

*¶ 21 - Statement of Officer*

The objection is denied. The Court is not at liberty to change information provided by the law enforcement officer.

---

[1] The Court notes that it appears that the objections were not initially submitted to the probation officer prior to preparation of the final report, pursuant to ¶ 4 of the Order on Sentencing Schedule. Compliance with ¶ 4 enables the Court and the parties to have the benefit of the probation officer's response to any objections.

[2] Defense counsel refers to different paragraph numbers and therefore apparently refers to a previous version of the PSR.

### *¶ 30 - Base Offense Level*

The parties ask the Court to honor the plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The plea agreement provides that the Defendant should be held responsible beyond a reasonable doubt for at least 40 but less than 50 grams of methamphetamine.  The PSR reflects a base offense level of 26 based on at least 5 but less than 20 grams actual methamphetamine.  The Court's tentative findings are that, absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld and the base offense level should be calculated as level 24.

### *¶ 42 - Prior Conviction*

The Defendant also objects to the criminal history point assessed in ¶ 42 for the reason that the offense is a city ordinance and the Defendant was not represented by counsel.  Criminal history points may be assessed for an uncounseled prior conviction if the conviction did not result in jail time.  *United States v. Stapleton,* 316 F.3d 754, 755 (8th Cir. 2003).

The Defendant also argues that, as violations of local ordinances, the violations resulting in the $25 fine reflected in ¶ 42 cannot result in criminal history points pursuant to U.S.S.G. § 4A1.1(c).  The sentencing guidelines provide:

> Local Ordinance Violations.  A number of local jurisdictions have enacted ordinances covering certain offenses . . . that are also violations of state criminal law.  This enables a local court (e.g., a municipal court) to exercise jurisdiction over such offenses.  Such offenses are excluded from the definition of local ordinance violations in § 4A1.2(c)(1) and, therefore, sentences for such offenses are to be treated as if the defendant had been convicted under state law.

U.S.S.G. § 4A1.2 app. n. 12.

In other words, application note 12 requires that criminal history points be assessed for violations of local ordinances that are also offenses under state law. *United States v. Milquette,* 214 F.3d 859, 863 (7th Cir. 2000).

In this case, a $25 fine was imposed for the following violations: failure to signal; no head/tail lights; and possession of drug paraphernalia. (PSR, ¶ 42.) These offenses all appear to be also covered by state law. Neb. Rev. Stat. §§ 60-6,161 (2005) (signals required); 60-6,219 (2005) (headlights and taillights required); and § 28-441 (2005) (prohibiting possession of drug paraphernalia. Therefore, the inclusion of one criminal history point pursuant to U.S.S.G. § 4A1.1 is correct.

For the reasons, discussed the Court tentatively finds that the objection is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 57) are ;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge